

# NUMBER 13-15-00165-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RAYMOND CLINTON HAMMER,                                             Appellant,

v.

THE STATE OF TEXAS,                                                Appellee.

On appeal from the 25th District Court
of Lavaca County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Perkes**
**Memorandum Opinion by Justice Rodriguez**

Appellant Raymond Clinton Hammer appeals from a judgment rendered by the 25th District Court of Lavaca County, Texas. The jury found Hammer guilty of aggravated assault with a deadly weapon, a second degree felony, and sentenced him to prison for five years. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West, Westlaw

through 2015 R.S.).   By one issue, Hammer contends that he received ineffective assistance of counsel.   We affirm.

## I.   BACKGROUND

On July 3, 2014, while detained in the Lavaca County Jail, Hammer was involved in an altercation with inmate William Sloma, III while in a holding cell identified as "the tank".   Hammer allegedly struck Sloma in the neck with a reinforced flex pen that had a metal tip.   The Jail Administrator for the Lavaca County Jail, Rebecca DeLuna Perez, testified that she responded to the altercation.   Upon entering "the tank" she noted that Hammer was "irate" and was being restrained by other inmates.   Administrator Perez moved Hammer to a single cell.   Upon returning to "the tank," Administrator Perez noticed that Sloma had "about an eight-inch double gash along the side of his neck" and took him to be examined.   During her investigation, Administrator Perez located a flex pen that had been reinforced with the outside of a deodorant stick inside Hammer's property bag.

On August 21, 2014, Hammer was indicted for aggravated assault with a deadly weapon.   Hammer pled not guilty to the alleged offense and demanded his right to trial by jury.   Trial began on February 17, 2015, and on February 18, 2015 and the jury found Hammer guilty as charged.   Hammer did not file a motion for new trial.   This appeal followed.

## II.   INEFFECTIVE ASSISTANCE OF COUNSEL

By one issue, Hammer contends that he received ineffective assistance of counsel during his trial.   Specifically, Hammer alleges that his trial counsel was ineffective

2

because he failed to object to alleged "burden shifting" by the State during its closing argument.

## A.    Standard of Review & Applicable Law

Both the Federal and Texas Constitutions guarantee an accused the right to assistance of counsel.   U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. § 1.051 (West, Westlaw through 2015 R.S.).   This right necessarily includes the right to reasonably effective assistance of counsel.   *Strickland v. Washington*, 466 U.S. 668, 686 (1984).   To establish ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that:   (1) trial counsel's performance fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense.[1]   *Id.*; *Wert v. State,* 383 S.W.3d 747, 752 (Tex. Crim. App. 2012).

To satisfy *Strickland*'s first prong, the appellant must identify acts or omissions of counsel that allegedly were not the result of reasonable judgment.   *Strickland*, 466 U.S. at 690.   A defendant must overcome the strong presumption that trial counsel's actions fell within the wide range of reasonable and professional assistance.   *Garza v. State*, 213 S.W.3d 338, 347–48 (Tex. Crim. App. 2007); *see also Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (en banc).   If the reasons for counsel's conduct at trial do not appear in the record and it is possible that the conduct could have been grounded in legitimate trial strategy, an appellate court will defer to counsel's decisions and deny relief

---

[1] Texas adopted the *Strickland* test in *Hernandez v. State.*   *See* 726 S.W.2d 53, 59 (Tex. Crim. App. 1986) (en banc).

on an ineffective assistance claim on direct appeal.[2]  *Garza,* 213 S.W.3d at 348; *see also Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012) (holding that "[a]n ineffective-assistance claim must be 'firmly founded in the record' and 'the record must affirmatively demonstrate' the meritorious nature of the claim") (internal citations omitted). Direct appeal is usually an inadequate vehicle for raising such a claim.  *Menefield,* 363 S.W.3d at 592–93.

To satisfy *Strickland's* second prong, the appellant must establish a reasonable probability that, but for counsel's errors, the result would have been different.  466 U.S. at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Thompson v. State,* 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  Failure to satisfy either prong defeats an ineffective assistance claim.  *Strickland,* 466 U.S. at 697. In applying the *Strickland* test, we consider the totality of the representation and the particular circumstances of the case to determine whether counsel was ineffective. *Thompson,* 9 S.W.3d at 813.

## B.    Analysis

Hammer contends that his trial counsel's failure to object to the State's closing argument shows that he received ineffective assistance of counsel and that without his counsel's error the result of the trial would have been different.  *See Strickland*, 466 U.S. at 687.  To satisfy Stirickland's first prong, Hammer must overcome the strong presumption that his counsel's actions fell within the wide range of reasonable and

---

[2] A proper record is best developed in a habeas corpus proceeding or in a motion for new trial hearing.  *Jensen v. State*, 66 S.W.3d 528, 542 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd).  We note that no motion for new trial was filed and that there was no habeas corpus proceeding whereby a record could be developed in this case.

professional assistance. *See Wert,* 383 S.W.3d at 752–53; *Garza,* 213 S.W.3d at 348. Hammer has the burden of establishing that his counsel made errors so serious that he was essentially not functioning as counsel. *See Patrick*, 906 S.W.2d at 495. Because Hammer did not file a motion for new trial, his trial counsel's failure to object must have been so outrageous that no competent attorney would have engaged in it. *See Roberts v. State*, 220 S.W.3d 521, 533–34 (Tex. Crim. App. 2007).

Hammer takes issue with his trial counsel's failure to object to the State's rebuttal closing argument. Specifically, relevant to his underlying burden-shifting claim, Hammer's counsel closed on the defensive theory that Hammer had been attacked, his alleged wounds were defensive, and the testimony to the contrary was a result of collusion between the other inmates. Hammer's counsel also complained of the lack of video footage from the incident that might have shown Hammer's alleged injuries after the altercation. In answer to Hammer's counsel's collusion arguments, the State's rebuttal revisited testimony from one of the other inmates present during the altercation. That inmate had testified that he could not recall Sloam, the victim, and Sloam had to be brought into the courtroom for identification. Additionally, in its rebuttal to Hammer's closing argument, the State referenced Hammer's complaint that there was no video evidence and discussed the testimony of Administrator Perez regarding the state of Hammer's injuries after the accident. Finally, the State argued that any later injuries to Hammer were self-inflicted for the purpose of "cook[ing] up his defense." Hammer's counsel did not object to these portions of the State's argument.[3] The State then closed

---

[3] Hammer's trial counsel objected throughout trial and to other parts of the State's closing argument, with the trial court sustaining many of his objections.

by saying "[s]o, Ladies and Gentlemen, the State has met its—its difficult burden . . . we have met the burden of proving beyond a reasonable doubt" that Hammer committed the alleged offense.

To be permissible, the State's jury argument must fall within one of the following four general areas:   (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. *Felder v. State*, 848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992); *see also* TEX. CODE CRIM. PROC. ANN. art. 36.07 (West, Westlaw through 2015 R.S.) (giving the State the right to make concluding argument).   To determine whether the State's argument falls within one of the four categories of permissible argument, we must consider the argument both in the context in which it appears and in light of the entire record.   *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988); *Hernandez v. State,* 114 S.W.3d 58, 61–62 (Tex. App.—Fort Worth 2003, pet. ref'd).

Here, we conclude that the State's argument falls under two of the four permissible types of jury argument when analyzed in their context and in light of the entire record:   it contained both a summation of the evidence and answers to argument of opposing counsel.   *See Felder,* 848 S.W.2d at 94–95.   We therefore conclude that the State's rebuttal closing argument did not impermissibly shift the burden of proof to Hammer. *See id.*   Hammer's trial counsel's failure to object to the State's rebuttal closing argument was objectively reasonable*.   See id.; see also* 466 U.S. at 690.   Because we have determined that Hammer's counsel did not err by failing to object to the State's rebuttal closing argument, Hammer cannot satisfy the first *Strickland* prong.   *See* 466 U.S. at

6

We overrule Hammer's sole issue on appeal.

### III. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
29th day of October, 2015.

7